```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

DUANE BUSH,

                      Plaintiff,                     **Hon. Hugh B. Scott**

                                                **18CV1376**

                      v.

                                                **CONSENT**

ANDREW SAUL, COMMISSIONER,              **Order**

                      Defendant.

---

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 9 (plaintiff), 11 (defendant Commissioner)). Having considered the Administrative Record, filed as Docket No. 7 (references noted as "[R. __]"), and the papers of both sides, this Court reaches the following decision.

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits. The parties consented to proceed before a Magistrate Judge (Docket No. 13, Order of Oct. 4, 2019).

## PROCEDURAL BACKGROUND

The plaintiff ("Duane Bush" or "plaintiff") filed an application for disability insurance benefits on April 14, 2015, for both Title II and XVI benefits [R. 15]. That application was denied initially. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who

considered the case de novo and concluded, in a written decision dated February 25, 2018, that the plaintiff was not disabled within the meaning of the Social Security Act [R. 15]. The ALJ's decision became the final decision of the Commissioner on October 4, 2018, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on November 30, 2018 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 9, 11), and plaintiff duly replied (Docket No. 12). Upon further consideration, this Court then determined that the motions could be decided on the papers.

**FACTUAL BACKGROUND**

Plaintiff, 34 years old as of the claimed onset date of February 20, 2015, had a high school education [R. 15, 23]. He worked as a dishwasher (medium exertion work) [R. 23]. The ALJ found the following impairments to be severe: ADHD, depression, bipolar disorder, anxiety disorder with panic attacks, and substance abuse disorder [R. 17]. Plaintiff also claims other ailments, such as being HIV positive, but the ALJ noted that plaintiff was under a treatment plan for that condition and it had no more than minimal effect on his ability to work [R. 18]. The ALJ also considered plaintiff's weight (221 pounds, at 5'11" on May 30, 2017 [R. 446, 443]) since plaintiff had a body-mass index of over 30 the ALJ deemed plaintiff to be obese [R. 18]. The ALJ, however, noted plaintiff's conservative treatment for his obesity and deemed this condition to be a non-severe impairment [R. 18]. Plaintiff has not objected to the characterization of his non-severe impairments.

## MEDICAL AND VOCATIONAL EVIDENCE

Plaintiff last worked at McDonald's for twelve years until February 2015 when the was "'threatened/shoved' and left the job" [R. 413].

In 2015, plaintiff went to two hospitals for psychiatric treatment [R. 413]. Plaintiff later attended Lake Shore PROS program [R. 413].

The ALJ considered plaintiff's mental impairments under Listings 12.04, 12.07, and 12.11 at Steps Two and Three [R. 18-19]. Considering the "Paragraph B" criteria, the ALJ found that plaintiff had moderate limitations in three of the criteria and mild limitations for the adapting or managing oneself, thus concluding that the criteria were not met [R. 19]. Since the evidence showed only marginal adjustment, the ALJ also found that "Paragraph C" criteria for mental health limitations were not met [R. 19].

At issue in this case is the ALJ's consideration of the opinions of consultative evaluator Dr. Gregory Fabiano [R. 413-17] and state agency psychologist Dr. M. Marks, Ph.D. [R. 55]. Dr. Fabiano found that plaintiff

> "does not appear to have any limitations in the ability to follow and understand simple directions and instructions, perform simple tasks independently, maintain a regular schedule, learn new tasks, perform complex tasks independently, or make appropriate decisions. He appears to have some moderate limitations in the ability to maintain attention and concentration, relate adequately with others, and appropriately deal with stress."

[R. 416]. Dr. Fabiano then stated that "the results of the examination appear to be consistent with psychiatric and substance abuse problems, but in itself, this does not appear to be significant enough to interfere with the claimant's ability to function on a daily basis," [R. 416]. The ALJ gave great weight to Dr. Fabiano's opinion because it was consistent with the record as a whole [R. 22-23].

3

Dr. Marks opined on June 19, 2015, that plaintiff would be moderately limited in sustaining ordinary routine without special supervision [R. 63 (Title II report), 75 (Title XVI report)] (see Docket No. 9, Pl. Memo. at 17, 14-15). The ALJ stated that Dr. Marks found that "despite a severe impairment and substantial functional limitations, the claimant was able to understand and remember instructions, sustain a routine, and interact and adapt without marked limitation" [R. 23, 64, 76]. The ALJ also gave great weight to Dr. Marks' opinion as being consistent with the record as a whole [R. 23].

The ALJ found that plaintiff now had a residual functional capacity (or "RFC") to perform work at all levels of exertion with some non-exertional limitations [R. 19]. These limitations include plaintiff avoiding climbing all ladders, ropes, and scaffolding [R. 19]. Plaintiff must avoid all crowded work settings and all exposure to dangerous work hazards (including unprotected heights and exposed machinery) [R. 19]. Plaintiff is limited to work not requiring more than occasional work interaction with coworkers and supervisors and is limited to no public contact work settings [R. 19]. The ALJ concludes that "Overall, the claimant is limited to routine, simple tasks not involving a fast assembly quota pace and allowing up to 3% off task behavior during the workday." [R. 19.]

The vocational expert opined that plaintiff could perform his past relevant work as a dishwasher at medium exertion level with his RFC [R. 23, 49-51, 23]. Alternatively, with plaintiff's non-exertional limitations in his RFC, the ALJ posed hypotheticals to the vocational expert. With a hypothetical claimant like plaintiff in his RFC, age, education, and work experience, the expert opined that such a claimant could work in such occupations as store

laborer and sorter (both medium level jobs) [R. 24]. Based upon those findings, the ALJ concluded that plaintiff was not disabled [R. 24-25].

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

I.    General Standards—Five-Step Analysis

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

> (1) whether the plaintiff is currently working;
>
> (2) whether the plaintiff suffers from a severe impairment;
>
> (3) whether the impairment is listed in Appendix 1 of the relevant regulations;
>
> (4) whether the impairment prevents the plaintiff from continuing past relevant work; and
>
> (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to

6

obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to past relevant work given the claimant's residual functional capacity. Washington, supra, 37 F.3d at 1442.

*Application*

In the instant case, the issue is whether the ALJ had substantial evidence to support the decision rendered denying disability coverage. Plaintiff now contends that the ALJ erred in failing to reconcile the RFC with the opinion of consultative examiner Dr. Fabiano [R. 413, 416, 21, 22-23], finding plaintiff had moderate limitations in making appropriate decisions, but not including this restriction in the RFC (Docket No. 9, Pl. Memo. at 1, 16). Dr. Fabiano also found that plaintiff had moderate limitations in dealing with stress [R. 416], but this was not incorporated into RFC despite being discussed by the ALJ [R. 19, 22-23] (id. at 16 n.3, 19-21). Next, plaintiff faults the ALJ for not reconciling the RFC with the opinion of state agency physician, Dr. Marks [R. 64, 76], who also found plaintiff had moderate limitations (id. at 1, 17-18). Specifically, plaintiff faults the ALJ for not accounting for the limitation about sustaining ordinary routine without special supervision (id. at 17). Finally, plaintiff argues that the ALJ failed to account for plaintiff's stress-based limitations [R. 19, 22-23], failing to conduct stress assessment was an error (id. at 1, 19-21). The ALJ needed to make individualized and specific findings as to the nature of plaintiff's stress, its triggers, and how they affect his ability to work

7

(Docket No. 12, Pl. Reply Memo. at second unnumbered page), see Stadler v. Barnhart, 464 F. Supp. 2d 183, 189 (W.D.N.Y. 2006) (Larimer, J.).

Defendant responds that Dr. Fabiano's assessment does not appear to have any limitations in decision making [R. 416] (Docket No. 11, Def. Memo. at 4-5) and concludes that the RFC covers other moderate limitations noted by Dr. Fabiano (id. at 5). As for Dr. Marks' moderate limitation finding, defendant argues that this does not automatically indicate a functional restriction (id. at 6). Defendant next argues that the ALJ and the RFC considered any work-related limitations caused by plaintiff's inability to deal with stress (id. at 6-7). On Dr. Fabiano finding that plaintiff had a moderate limitation in dealing with stress, defendant contends that the ALJ correctly stated that Dr. Fabiano then found that plaintiff's condition did not appear to be significant enough to interfere with plaintiff's ability to function on a daily basis [R. 22, 416] (id. at 7). Defendant also distinguishes Corbeil v. Saul, No. 17CV1321, 2019 WL 2590606, at *6 (W.D.N.Y. June 25, 2019) (McCarthy, Mag. J.) (id. at 7-8; but cf. Docket No. 9, Pl. Memo. at 20-21), and limitations in RFC factor in plaintiff's stress tolerance, (see Docket No. 11, Def. Memo. at 8).

As for Dr. Fabiano's opinion, the ALJ **properly considered** that opinion. As defendant notes, Dr. Fabiano found that plaintiff did "**not** appear to have any limitations in the ability to . . . make appropriate decisions" [R. 416]. Dr. Fabiano did not find a moderate limitation in plaintiff's decision-making ability, despite plaintiff's contrary contention (but cf. Docket No. 9, Pl. Memo. at 16). The ALJ did not reject a limitation since the doctor did not find that limitation (but cf. Docket No. 12, Pl. Reply Memo. at first and second unnumbered pages). Thus, plaintiff's motion (Docket No. 9) on this ground is **denied**.

8

Next, consideration of Dr. Marks, who found that plaintiff had moderate limitation in sustaining ordinary routine without special supervision [R. 63, 75] (Docket No. 9, Pl. Memo. at 17). Although the ALJ fails to mention this limitation specifically, the RFC she found limited plaintiff to "routine, simple tasks not involving a fast assembly quota pace" [R. 19]. The ALJ relied upon the additional explanation provided by Dr. Marks that "despite a severe impairment and substantial functional limitations" plaintiff was able (among other functions) to sustain a routine [R. 64, 76]; those substantial functional limitations include Dr. Marks' express finding of moderate limitation in sustaining ordinary routine without special supervision [R. 63, 75].

Finally, plaintiff argues that the ALJ did not consider his limitation in dealing with stress as found by Dr. Fabiano [R. 416] (Docket No. 9, Pl. Memo. at 19). Dr. Fabiano notes this moderate limitation and in the following paragraph concludes that the results of the examination (including finding this moderate limitation) "in itself, this does not appear to be significant enough to interfere with the claimant's ability to function on a daily basis" [R. 416] (see Docket No. 11, Def. Memo. at 7). Plaintiff argues, however, that the ALJ was required to make specific findings about the nature of plaintiff's stress, what triggered it, and "how those factors affect his ability to work," Stadler, supra, 464 F. Supp. 2d at 189. The ALJ did not make those findings, instead she relied upon Dr. Fabiano's conclusions, arguing that they are consistent with the entire medical record without pointing to specific instances within that record that support the stress finding. Plaintiff cites stress instances in his life [R. 478, panic attack when he needed to use a public bathroom, 44-45, 290], and Dr. Fabiano noted plaintiff lost his job in 2015 when he was "threatened/shoved" at work [R. 413]. The ALJ needed to delve into what caused plaintiff's

9

stress and how he handled it to consider whether this moderate limitation hindered his function. This error is harmful and requires remand.

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Docket No. 9) judgment on the pleadings is **granted**, and defendant's motion (Docket No. 11) for judgment on the pleadings is **denied**. Thus, the decision of the defendant Commissioner is **vacated and remanded** for further proceedings consistent with the above decision to find additional facts, pursuant to sentence four of 42 U.S.C. § 405(g), see Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of the Court shall close this case.

So Ordered.

*s/Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
March 13, 2020